# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TV TOKYO CORPORATION,

**PLAINTIFF**

V.

A LOT MALL, AKIBAMARKET, ANIBIU, ANIME HOUSE,
ANIME STREET STYLE, ANIMECOSBOX, ANIMEDWARF, ANIMEE COSPLAY, ANIMEFWIW, ANIMESTICKERY, CIRCUMTOY, COODEALS, COSGAGET.COM, COSPLAY SHOP, COSPLAYNOW, COSPLAYWHO.COM, COSWIGSHOP, CRAZYMONK, CRYPTIZEN, CUSTOMIZATION TREND, CUSTOMSPIG, DAMBIE THE ANIME SHOP, DASHIKI TREND, DOVESTYLISH, DRAGON BALL STORE, EZOVOZE, FANDOMANIAX, FINALKEYSTUDIO, FOX ECOMMERCE, FOXTUME, FRAOOP, FUNKYTSHIRT, FYLZGO SIGNS, GL CANVAS PRINT ART, GO2COSPLAY, HALLOWITCHCOSTUMES, HANDDEALS, HBMC, HHOODIE, ILOGO, ITACHI SHOP, KAIOLAND, LILOTEE, LUSYSTORE, MAGIC WARDROBES, MICCOSTUMES, OEPPEO, OVA VENTURE, POPGOODZ, PUPPY PRINTY, REDRAVENSTORE, RIZZ COSTUMES, ROCKARD HOME, ROLECOSPLAY, SANYMUCOS.COM, SHEINCOSPLAY, SHERATEEN, SIRIUSFIGURE, SOCKATIVE, SPEEDCOSPLAY, SPICEUPSTUDIO, SUPREME RABBIT, TAG BREAKER, TEASHIRTHUT,

CIVIAL ACTION NO.:
1:25-cv-05625-AT

TEEINBOX, THE TODDLER KIDS, THEGIFTIO, TIKTOKCOSPLAY, TOPWEAR, TSHIRTSOPEDIA, URBAN WILD STORE, WEXHOME, WINKCOSPLAY, WONDERLANDCASE, YCOSPLAY, YESWEFOLLOW, YIYISTORIES, ZENTAIHERO, ZUIHANG SHOP, DARK STAR ONE, GUQIQI, MAGICAL.SHOP, RAREWAVES-IMPORTS, UNIQUEPLACE-USA, BAIYIBAO, IFUSION, JINYUNTENGSHANGMAO, KDCHAOW, KIONALDA CO. LTD, NICE MAKET FOR YOU, SOPLAY CO. LTD, CARTOON DREAM HOUSE, CARTOON FUN CLUB, DOONTB, LJP SHOP, LOVE CTNS, LUCKY DECORATE SIGN, ONLINE SHOPY, TOOHOT, WJL CASE, BABYSLEEPBETTER, COSPLAY CLANS, DIECAST TOYZ SG, SEAKOFF, THE-ACTIONFACTION, and THESOULEDHUMAN,

**DEFENDANTS**

## NOTICE OF APPEARNCE, DEFENDANT KAIOLAND

**COMES NOW, "DEFENDANT" KAIOLAND**, by and through undersigned counsel, and Moves this Honorable Court to Dismiss Plaintiff's Complaint against "Defendant" Kaioland and respectfully shows this Court as follows:

1.

# PLAINTIFF'S NAMING OF A NON-ENTITY PRECLUDES JURISDICTION AND SERVICE

Plaintiff brings this action against "Defendant[1]" Kaioland, which is not a legally existing entity in any jurisdiction. Throughout this Motion, the term "*Defendant*" appears in quotation marks because at it relates to Kaioland, Plaintiff has not identified a real legal person or entity capable of being sued. Kaioland is a trade name with no legal existence, no corporate registration, no jurisdiction of incorporation, no officers, no registered agent, and no principal place of business. For purposes of this Motion, the term "Defendant" is used only as a shorthand reference to the name "Kaioland" appearing in Plaintiff's Complaint, and not as any admission that Plaintiff has properly named or served a suable entity.

With respect to the party identified as "Kaioland," Plaintiff's failure to name a legally cognizable entity necessitates dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).

---

[1] The term "Defendant" is used solely as a reference to the label appearing in the Complaint. "Kaioland" is not a juridical entity and cannot be sued. Its use here does not concede that Plaintiff has named or served a proper legal person.

**2.**

**PLAINTIFF HAS NOT SUED A LEGALLY EXISTING ENTITY**

A threshold requirement of any federal lawsuit is that the plaintiff must sue an actual, legally existing defendant. Plaintiff must plead the defendant's legal name, corporate form, jurisdiction of formation, principal place of business, and registered agent. These allegations allow the Court to determine subject-matter jurisdiction, personal jurisdiction, venue, and whether service of process is valid.

Here, Plaintiff has pleaded none of these essential facts. Instead, Plaintiff sues "Kaioland," which is nothing more than a commercial or website name. Courts consistently hold that a trade name is not a suable entity. *Brand v. S. Employment Serv., 247 Ga. App. 638, 639 (2001)* ("A trade name has no legal existence and cannot be sued."). Federal courts apply the same principle when a plaintiff fails to identify a real legal person behind the name. Because Plaintiff has not named a juridical entity, the Complaint cannot proceed.

**3.**

**PLAINTIFF IS MISUSING THE JUDICIAL PROCESS TO IDENTIFY THE TRUE DEFENDANT IT SEEKS**

A plaintiff may not use litigation to discover the identity of the proper defendant. The Federal Rules require a plaintiff to know who they are suing before

filing suit. Courts reject attempts to sue fictional, placeholder, or misidentified entities in order to force disclosure of the underlying corporate party.

Plaintiff's Complaint is void of any facts identifying any entity behind the name "Kaioland." It provides no corporate address, no registration in any jurisdiction, no agent for service, and no facts indicating the legal person that Plaintiff intends to sue. Plaintiff's strategy appears calculated to compel disclosure of foreign corporate information rather than to litigate a proper claim. This is impermissible, violates Rule 11's pre-filing investigation requirement, and defeats the due-process protections inherent in Rules 4 and 8. Federal litigation cannot be used as a fishing expedition to determine who the proper defendant should be.

### 4.

### LACK OF PERSONAL JURISDICTION

In its Complaint, Plaintiff also fails to establish personal jurisdiction over any entity associated with the term "Kaioland." Plaintiff alleges no U.S. offices, employees, bank accounts, warehouses, servers, distributors, targeted marketing, or purposeful availment of the U.S. market by "Defendant" Kaioland. Courts routinely dismiss such cases for lack of personal jurisdiction. *See HB Prods., Inc. v. Faizan, 603 F. Supp. 3d 910 (D. Haw. 2022)*.

**5.**

**INEFFECTIVE PROCESS AND SERVICE OF PROCESS**

Because "Kaioland" is not a juridical entity, Plaintiff cannot effect service of process on it as a matter of law[2]. Trade names cannot accept service because they do not legally exist. Placeholder service, including electronic service directed at a website or commercial alias, does not satisfy Rule 4. *See Risinger Holdings, LLC v. Sentinel Ins. Co., 565 F. Supp. 3d 844 (E.D. Tex. 2021)*.

Service is defective under Rule 12(b)(4) and 12(b)(5), and dismissal is required.

**6.**

**FAILURE TO STATE A CLAIM (RULE 12(b)(6))**

A complaint filed against non-existent defendant cannot state any claim upon which relief may be granted[3]. Even if Plaintiff's substantive allegations were accepted as true, they cannot be assessed because Plaintiff has not identified a real

---

[2] A trade name is incapable of accepting service of process because it has no legal existence independent of its owner. Courts consistently hold that service directed at a fictitious or non-existent entity is void. See, e.g., Brand v. S. Employment Serv., 247 Ga. App. 638, 639 (2001) ("A trade name has no legal existence and cannot be sued."). Federal courts apply the same principle where a plaintiff names a non-juridical entity; service on such a party is legally impossible and requires dismissal under Rules 12(b)(4) and 12(b)(5).

[3] **A claim against a non-existent or non-juridical entity fails to state a claim upon which relief can be granted.** See *Brand v. S. Employment Serv.*, 247 Ga. App. 638, 639, 545 S.E.2d 67 (2001) (holding that a trade name "is not a legal entity" and therefore "cannot be sued"); *Risinger Holdings, LLC v. Sentinel Ins. Co.*, 565 F. Supp. 3d 844, 850 (E.D. Tex. 2021) ("A suit must be brought against a legal entity with the capacity to be sued."); *HB Prods., Inc. v. Faizan*, 603 F. Supp. 3d 910, 918 (D. Haw. 2022) (dismissing claims where plaintiff failed to establish a real defendant subject to suit). Because "Kaioland" is merely a trade name with no legal existence, Plaintiff's Complaint states no cognizable claim against any actual defendant, requiring dismissal under Rule 12(b)(6).

party in interest. Claims against a trade name with no legal existence fail as a matter of law and must be dismissed under Rule 12(b)(6).

**7.**

**"DEFENDANT KAIOLAND'S" REQUEST FOR RELIEF**

Plaintiff has failed to bring suit against a legally existing entity, has not established personal jurisdiction, has not effectuated valid service, and has not stated a claim upon which relief can be granted as to the party it identified as "Kaioland". For these reasons, dismissal of this "Defendant" is required. "Defendant" Kaioland therefore respectfully requests that it be dismissed from this action.

Respectfully submitted this 21st day of November, 2025.

**Luxwell Law**

*/s/ Jerome Lucas Newell*
**Jerome Lucas Newell, Esq.**
Georgia Bar No. 429837
Attorney for "Defendant" KAIOLAND

2310 Parklake Drive Suite 440
Atlanta, GA 30345
JeromeLucasNewell@LuxwellLaw.com
(470) 707-7020