# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KAIOLAND, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 25-cv-5625-LMM |

## PLAINTIFF'S OPPOSITION TO KAIOLAND'S MOTION TO DISMISS

In opposition to Defendant Kaioland's Motion to Dismiss [Dkt. 34], Plaintiff TV Tokyo Corporation ("Plaintiff") respectfully submits this opposition as follows:

## I.　Introduction

Plaintiff's Complaint alleges that Defendants operate e-commerce sites while concealing their true identities, making traditional enforcement actions impracticable. Compl. ¶ 16. Defendant Kaioland ("Defendant") seeks dismissal on the theory that the use of an Internet storefront identifier is categorically "not a juridical entity," and that Plaintiff therefore failed, at the pleading stage, to name, serve, or hale into court any real defendant.

Defendant's arguments fail because they ignore Defendant's non-compliance with the TRO authorizing expedited discovery and the disclosure requirements of Local Rule 3.3(A).

Plaintiff sued the Internet storefront identified as "Kaioland" on Schedule A to the Complaint by storefront name and URL, and supported those allegations with screenshots showing the sale of infringing merchandise bearing Plaintiff's copyrighted works. Plaintiff then served the same storefront through the contact information tied to the seller account, as authorized by this Court's electronic-service order, and the storefront has appeared through counsel and is litigating here.

Under Eleventh Circuit precedent, where a complaint describes the real party to be sued with sufficient specificity to permit identification and service, the use of a trade name or "Doe" label is, at most, surplusage and does not justify dismissal. *See Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). And even if the Court concludes the storefront label should be corrected to a different legal name, the proper remedy is targeted discovery and prompt amendment, not dismissal based on unsupported factual assertions about nonexistence.

The dispositive point is that the individual or entity engaged in the alleged infringement was properly served with process and is now before the Court. This is what matters. Whether "Kaioland" is the proper name for the individual or entity is yet to be proven, but what is known is that the proper Defendant is before the Court. Therefore, Kaioland is not entitled to the relief sought in its Motion to Dismiss. Dkt. 34.

## II.  Background

This trademark and copyright infringement lawsuit was filed under seal on October 1, 2025. On October 2, 2025, this Court granted Plaintiff's Motions for a Temporary Restraining Order including a Temporary Asset Restraint, Expedited Discovery, and to Serve Defendants by Electronic Means [Dkt. 11] (the "TRO"). On October 20, 2025, Plaintiff served all Defendants by electronic service as ordered by the Court in the TRO. *See* Affidavit of Service, Dkt. 18. On November 14, 2025, Kaioland moved for additional time to respond to the Complaint. Dkt. 30. A week later, Kaioland filed the currently pending Motion to Dismiss. Dkt. 34. To date, Defendant has failed to file the Certificate of Interested Persons and Corporate Disclosure Statement required by Local Rule 3.3(A). That rule provides that "Counsel for all private (non-governmental) parties in civil cases, including those that seek to intervene, must at the time of first appearance file a certificate containing:

(1) A complete list of the parties, including proposed intervenors, and the corporate disclosure statement required by Fed. R. Civ. P. 7.1.

(2) A complete list of other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of the case.

(3) A complete list of each person serving as an attorney in the case.

Compliance with Local Rule 3.3(A) serves more than a formality purpose, as the required disclosure would moot Defendant's instant motion or substantially reduce the scope of disputed issues. Defendant possesses knowledge of its own identity, clearly understood it was being sued, received the TRO requiring disclosure of its identity, is required by Local Rule 3.3(A) to make such disclosure, yet chose to file this Motion to Dismiss rather than provide the required information.

## III. Argument and Citation to Authorities

### a. *The Proper Party is Before the Court*

Defendant makes several arguments each sharing the same theme: that Kaioland "is nothing more than a commercial or website name." In moving for dismissal on this basis, Defendant cites *Brand v. S. Employment Serv.*, 247 Ga. App. 638 (2001), a Georgia state[1] court case. Def. Brief, p. 4. Defendant also

---

[1] Even if Georgia state law, rather than Federal law, were applied here, a defendant conducting business under a trade name may be sued under that trade name. *Hudgins Contracting Co. v. Redmond*, 178 Ga. 317, 318 (1934); *Knight's Pharmacy Co. v. McCall*, 181 Ga. 617, 618 (1936). Under Georgia law, suing an individual or entity in its trade name it is *not* a basis for dismissal; the entity sued must be the entity actually operating the business being conducted under the pseudonym. That means that the proper individual or entity must be served so that the correct party is before the court. *Northgate Village Apts. v. Smith*, 207 Ga. App. 479, 481 (1993); *London Iron & Metal Co. v. Logan*, 133 Ga. App. 692, 695-96 (1975)..The *Brand* case cited by Defendant does not hold otherwise. In *Brand*, the plaintiff sued an entity that did not conduct business and had no connection to the alleged wrongdoing, and there was no showing that the named trade name in any way identified the real defendant which was the reason the defendant in *Brand* was

4

contends Plaintiff has violated Rule 11 and has denied Defendant "due-process protections inherent in Rules 4 and 8." Def. Brief, p. 5.

Defendant asserts that a plaintiff "must plead the defendant's legal name, corporate form, jurisdiction of formation, principal place of business, and registered agent." This is not a Rule 8 requirement. Defendant cites no Eleventh Circuit or Supreme Court authority imposing such a pleading burden as a prerequisite to stating a claim, nor does Defendant identify any binding federal pleading rule that requires plaintiffs in online marketplace infringement cases to know, pre-discovery, the seller's "registered agent" or "jurisdiction of formation," particularly where the seller transacts under a storefront identifier controlled by the marketplace.

Defendant's theme confuses *capacity* to be sued with *identity* of the party sued. The Eleventh Circuit recognizes that a defendant may properly be sued under a fictitious name where the plaintiff's description of the defendant adequately describes the defendant to be sued such that the defendant can be identified for service. *Dean,* 951 F.2d at 1215 ("It is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name.").

---

dismissed. *Brand* at 639-640. As explained herein, that reasoning does not apply to Defendant Kaioland.

Here, Plaintiff's allegations do not describe a hypothetical or "fictional" defendant. Plaintiff identified the seller operating under the online storefront name "Kaioland" by referencing the storefront name and storefront URL in Schedule A, and Plaintiff attached screenshots reflecting sales of the infringing merchandise to the Complaint. *See* Dkt. 1; 1-3, p. 65. These unique identifiers distinguish this case from impermissible fictitious-party pleadings and fit comfortably within the Eleventh Circuit's "specific description" requirement.

Additionally, pursuant to the Court's TRO, PayPal provided the email address associated with that same seller account. Plaintiff then effected service using that email address and in accordance with the TRO. *See* Dkt. 11, Affidavit of Service, Dkt. 18. Therefore, the individual or entity selling the infringing products and the individual or entity that received service are one and the same. In other words, the correct operator of the online store received actual notice of this lawsuit.

Defendant repeatedly asserts that "Kaioland" is "not a legally existing entity in any jurisdiction" and is "a trade name with no legal existence." But Defendant's Motion offers no affidavit, business records, or other competent evidence establishing what "Kaioland" is, who owns the storefront, or whether it is an individual, corporation, partnership, or other enterprise, which is information that Defendant uniquely possesses and is required to disclose under Local Rule 3.3(A). At this stage, dismissal should not be premised on an unproven factual assertion,

especially where Plaintiff has identified a real commercial actor by unique storefront identifiers and documented forum-directed sales. No defendant should be able to avoid liability simply by concealing their legal identity from the public while actively conducting commercial activities. The law does not permit a defendant to avoid suit by deliberately operating under a trade name while later disclaiming it as "nothing more than a commercial name."

To the extent Defendant is invoking "capacity to be sued," Fed. R. Civ. P. 17(b) governs. Rule 17(b)(3)(A) expressly provides that a "partnership or other unincorporated association" may be sued in its common name to enforce substantive rights under federal law. On this record, Defendant has not established what type of entity is operating the "Kaioland" storefront through competent evidence, and Defendant has not carried its burden to show that the Court must treat the storefront identifier as legally incapable of being sued as pled. Indeed, Defendant's failure to comply with Local Rule 3.3(A) and the TRO demonstrates that Defendant is deliberately withholding this information. At minimum, Rule 17 underscores why the Court should require facts before granting dismissal based on a categorical "non-entity" label.

Defendant's invocation of "due process" lacks merit; its due process rights have been fully protected and the individual or entity behind Kaioland received

actual notice of this lawsuit and has had full opportunity to be heard, as evidenced by its retention of counsel and filing of this Motion.

    b.    *Personal Jurisdiction is Properly Alleged*

The Court analyzes defendant's motion to dismiss for lack of personal jurisdiction under a three-step burden-shifting process where: (1) Plaintiff bears the initial burden of alleging a prima facie case of jurisdiction; (2) Defendant then bears the burden to challenge jurisdiction by submitting affidavit evidence, which shifts the burden back to Plaintiff; and (3) the Court will construe all reasonable inferences in favor of the Plaintiff when the parties' evidence conflict. *Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 845 (11th Cir. 2020).

For pleading purposes, a plaintiff needs to allege facts sufficient to establish a *prima facie* basis for personal jurisdiction, not prove jurisdiction. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). The Court accepts jurisdictional facts as true so long as they are not contradicted by competent evidence. *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008). The plaintiff is not required to plead evidentiary detail or conclusively establish jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

The Complaint alleges numerous facts supporting personal jurisdiction. Paragraphs 2, 15, 27–31, and 37 of the Complaint allege that Defendants, including Kaioland, operate fully interactive online storefronts under Seller IDs, through

8

which they offer for sale and sell products bearing Plaintiff's copyrighted works to consumers in the United States, including Georgia; accept payment in U.S. dollars; offer shipping to Georgia; have sold infringing products to Georgia residents; and intentionally conceal their identities by operating under fictitious or deceptive Seller IDs while conducting these sales. Compl. 2, 15, 27-31, 37, Dkt. 1.

The Complaint cites Georgia's Long Arm statute, O.C.G.A. §9-10-91, and Rule 4(k)(2) of the Federal Rules of Civil Procedure as legal grounds for personal jurisdiction over this and the other Defendants. Defendant has provided no evidence to contradict the jurisdictional facts pleaded by Plaintiff in the Complaint. Since personal jurisdiction is sufficiently alleged, the Complaint should not be dismissed.

Defendant's conclusory one-sentence argument falls short of carrying any burden, "Plaintiff alleges no U.S. offices, employees, bank accounts, warehouses, servers, distributors, targeted marketing, or purposeful availment of the U.S. market by 'Defendant' Kaioland." Def. Brief, p. 5. It does not shift the burden back to Plaintiff to prove jurisdiction. Should the Court find that Defendant has met its burden to challenge jurisdiction, Plaintiff submits the following evidence supporting personal jurisdiction, all of which is derived from Defendant's own website and social media accounts and constitute admissions by Defendant.

Defendant has substantial and purposeful minimum contacts with the United States and Georgia, as evidenced by its admission that it ships products to the United States, demonstrated by the display of the United States flag on its website banner and its express statements regarding U.S. shipping.



Defendant admits on its website that "prices include shipping to the USA, European Union, Canada, Australia, and Japan." *See* https://www.kaioland.com/contacto/ (last visited Dec. 18, 2025).



Defendant further admits that "KaioLand ships to all countries worldwide. Please note that shipping and customs fees are included for all of Europe, the United States, Australia, Japan, Canada, South Korea, Thailand, and Singapore."

See https://www.kaioland.com/condiciones-de-envio/ (last visited Dec. 18, 2025).

Defendant falsely claimed on its X (formerly Twitter) account to be an "official resins distributor" for Dragon Ball, One Piece, Naruto, and other

11

properties, listing itself as an official supplier from KDC, FC, KRC, and XBD, with worldwide shipping capabilities.



The specific infringing product was also offered for sale and shipment to the United States. *See* https://www.kaioland.com/en/product/naruto-inheritance-studio-naruto-four-tailed-resin-statue/ (last visited Dec. 18, 2025).



c.     *Service of Process Was Proper*

Defendant next argues that service of process was ineffective because "[t]rade names cannot accept service because they do not legally exist." Def. Brief, p. 6. Here, Kaioland cites *Risinger Holdings v. Sentinel Ins. Co.*, 565 F. Supp. 3d 844, 849 (E.D. Tx. 2021).

13

As discussed above, the key question is whether the proper individual or entity was served, which it was. The defendant in *Risinger* was dismissed because none of the allegations in that complaint were attributable to it. That is not the situation here, where the Complaint is specific and accuses the named defendant, Kaioland, of specific acts of infringement.

The individual or entity served is the individual or entity selling infringing product using the Kaioland trade name. That is proper service, even if that individual or entity is not publicly disclosing its legal name, instead operating under the name Kaioland. For these reasons, the Complaint should not be dismissed for lack of service.

    d.    *Rule 12(b)(6) is Not a Basis for Dismissal*

Defendant argues that the Complaint fails to state a claim under Rule 12(b)(6) because "Plaintiff has not identified a real party in interest." Def. Brief, p. 6. This essentially repeats the same argument.

First, putting the name issue aside for a moment, Plaintiff has sued the real party in interest and that is what matters. As described above, the individual or entity behind the sales of infringing product *is* before the Court, even if the legal name of that individual or entity is not yet known to Plaintiff (due to that individual or entity using Kaioland instead).

Second, Defendant should not be permitted to shield its legal identity from public view while simultaneously arguing that Plaintiff failed to name the proper party. When Plaintiff discovers the legal name of the individual or entity behind the storefront named Kaioland through appropriate discovery procedures, Plaintiff will promptly move to amend the complaint or to substitute the proper party defendant pursuant to Fed. R. Civ. P. 15(a).

If the Court concludes that Plaintiff must substitute the storefront's underlying legal person or entity, Plaintiff respectfully requests that the Court grant a short period of limited, targeted discovery (not to exceed 60 days) aimed at identifying the entity behind the Defendant's storefront, followed by leave to amend the complaint. Courts in this District have granted limited expedited discovery to identify Doe defendants where third-party information is necessary to do so. *See ME2 Prods. v. Doe*, 2016 WL 6948333, 2016 U.S. Dist. LEXIS 163319 (N.D. Ga. Nov. 28, 2016).

Upon receipt of the identifying information from Defendant, Plaintiff should be granted leave to amend to substitute the correct legal name of Defendant.

## IV.   Conclusion

Because Kaioland was properly served and is before this Court, this Defendant is not entitled to the relief sought in its Motion. Plaintiff has shown that Defendant's connection with the forum state of Georgia and the United States is extensive and specific based on Defendant's own admissions on its website and social media regarding its business activities directed at Georgia residents, thus, Defendant is subject to the personal jurisdiction of this Court under both Georgia's long-arm statute, O.C.G.A. 9-10-91, and federal due process requirements. Alternatively, Plaintiff requests jurisdictional discovery if necessary.

Dated: December 19, 2025         Respectfully submitted,

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 45299
**WHITEWOOD LAW PLLC**
5555 Glenridge Connector, Suite 200
Atlanta, Ga. 30342
Telephone: (917) 858-8018
Email: david@whitewoodlaw.com

Abby Neu, *pro hac vice pending*
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: aneu@whitewoodlaw.com

*Counsel for Plaintiff*