IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
Case No. 1:25-cv-05625-LMM

TV TOKYO CORPORATION,

    Plaintiff,

v.

A LOT MALL et. al.,

    Defendants.

_____/

## DEFENDANT HHOODIE'S MOTION FOR EXTENSION OF TIME TO FILE OUT OF TIME ANSWER

Defendant Hhoodie ("Defendant"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file its Answer out of time. Plaintiff has indicated no objection to this relief. In support thereof, Defendant states as follows:

### I. INTRODUCTION AND BACKGROUND

1. Plaintiff filed this action on October 1, 2025, alleging trademark and/or copyright infringement related to online sales of merchandise.

2. The Court entered a Temporary Restraining Order on October 2, 2025 [Dkt. 11], which was later extended.

3. Service was effected via electronic means (e.g., through e-commerce platform messaging or email), consistent with the Court's orders authorizing alternative service.

4. Defendant is an individual or business entity residing and operating in the People's Republic of China, where English is not the primary language.

5. Defendant received notification of the lawsuit but, due to significant language barriers, limited English proficiency, unfamiliarity with U.S. federal civil procedure, and difficulty locating qualified counsel admitted to practice in this Court, was unable to timely respond to the Complaint.

6. Defendant initially sought assistance from counsel in Florida who is fluent in Mandarin. That counsel facilitated the process of identifying and retaining local Georgia counsel admitted to this Court.

7. On or about December 15, 2025, the undersigned entered an appearance on behalf of Defendant and promptly communicated with Plaintiff's counsel, who agreed not to oppose relief from any default and to except Defendant from any list of defaulting parties.

8. Defendant now moves promptly and seeks leave to defend this case on the merits.

## II. LEGAL STANDARD AND GOOD CAUSE EXISTS

Federal Rule of Civil Procedure 6(b)(1)(B) provides that, when an act must be done within a specified time, the Court may, for good cause, extend the time on

motion made after the time has expired if the party failed to act because of excusable neglect.

The determination of excusable neglect is an equitable one, taking account of all relevant circumstances, including: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

### III. APPLICATION OF THE PIONEER FACTORS

**A. No Prejudice to Plaintiff**

Plaintiff has stated it has no objection to this motion and has agreed to except Defendant from any default proceedings. Granting the requested relief will cause no prejudice, as the case remains in its early stages.

**B. Minimal Delay and No Impact on Proceedings**

The delay is relatively short, and granting leave will allow the case to proceed on the merits without disrupting the judicial proceedings.

**C. Reason for Delay and Good Faith**

The delay resulted from genuine and substantial language barriers, Defendant's lack of familiarity with U.S. legal processes, and the significant challenge of securing counsel admitted in this District from overseas. Defendant

acted in good faith by promptly retaining Florida counsel fluent in Mandarin, who then assisted in locating and retaining Georgia counsel. Upon retention of local counsel, Defendant immediately sought Plaintiff's position and now files this motion without further delay.

### IV. CONCLUSION

For the foregoing reasons, good cause exists to permit Defendant to file its Answer.

**WHEREFORE**, Defendant respectfully requests that the Court:

(a) Grant Defendant leave to file its Answer within fourteen (14) days of the Court's order (or such other time as the Court deems appropriate); and

(b) Grant such other and further relief as the Court deems just and proper.

Dated: January 2, 2026

Respectfully submitted,

/s/ Abena K. Abayomi-Rogers
Abena K. Abayomi-Rogers
Georgia Bar No. 315161
ICEE Law, LLC
1445 Woodmont Lane
Suite 3362
Atlanta, GA 30318
Telephone: 470-574-0529
Email: CourtComms@iceelaw.com
Counsel for Defendant Hhoodie

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), counsel certifies that the foregoing document complies with one of the font type and size selections approved by the Court in L.R. 5.1(C): Times New Roman 14-point font.

The undersigned counsel certifies that we have conferred with Plaintiff's counsel, who has stated that Plaintiff does not oppose the relief requested herein.

/s/ Abena K. Abayomi-Rogers
ABENA K. ABAYOMI-ROGERS

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing *Defendant Hhoodie's Motion for Extension of Time to File Out of Time Answer* with the Clerk of the Court using the CM/ECF system, which automatically issues Notice of Electronic Filing to all counsel of record.

This 2nd day of December 2026.

/s/ Abena K. Abayomi-Rogers
ABENA K. ABAYOMI-ROGERS
Georgia Bar No. 315161
