IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TV TOKYO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>A LOT MALL, et al.,<br><br>    Defendants. | Civil Action No. 1:25-cv-05625-LMM |

**DEFENDANT HHOODIE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)**

Defendant Hhoodie ("Defendant"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the Complaint for lack of personal jurisdiction. In support thereof, Defendant states as follows:

### I. INTRODUCTION

1. This is a multi-defendant "Schedule A" action alleging trademark and/or copyright infringement related to online sales of alleged counterfeit merchandise bearing Plaintiff's Naruto-related marks/works.

2. Defendant is an individual/business entity located in China, with no physical presence, office, employees, agents, property, or bank accounts in Georgia.

1

3. Critically, Defendant has made zero sales to customers in the State of Georgia. Defendant has not purposefully directed any activities toward Georgia residents, has not targeted Georgia in any advertising or marketing, and has derived no revenue from Georgia.

4. Absent Georgia-specific minimum contacts, this Court lacks personal jurisdiction over Defendant consistent with the Georgia long-arm statute (O.C.G.A. § 9-10-91) and the Due Process Clause of the Fourteenth Amendment.

## II. LEGAL STANDARD

5. Personal jurisdiction over a nonresident defendant requires satisfaction of both the forum state's long-arm statute and constitutional due process. *See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010). The Court stated:

> "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir.2009). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, `the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id.* (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir.2002)); *see also* Polskie Linie Oceaniczne v. Seasafe Transport A/S, 795 F.2d 968, 972 (11th Cir.1986) (noting that, if the defendant makes a showing of the inapplicability of the long-arm statute, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the

2

factual allegations in the complaint"). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Meier, 288 F.3d at 1269.

*See Diamond Crystal Brands, Inc.*, 593 F.3d 1249, at 1257.

6. Georgia's long-arm statute confers jurisdiction only over nonresidents who, inter alia, transact any business within Georgia, commit a tortious act or omission in Georgia, or commit a tortious injury in Georgia caused by an act or omission outside Georgia if the nonresident regularly does or solicits business in Georgia. O.C.G.A. § 9-10-91(1), (3).

7. Due process requires that the defendant have sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For specific jurisdiction (the only type plausibly at issue here), the suit must arise out of or relate to the defendant's contacts with the forum, and those contacts must show purposeful availment. See *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

### III. ARGUMENT – THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT

8. Defendant has no contacts with Georgia sufficient to satisfy the long-arm statute or due process.

9. No transaction of business in Georgia (O.C.G.A. § 9-10-91(1)): Defendant has made zero sales to Georgia residents. Any online store or listings were accessible worldwide but not specifically directed to or targeted at Georgia. Defendant will submit a declaration to support.

10. No tortious act in Georgia (O.C.G.A. § 9-10-91(2)).

11. No regular solicitation or substantial revenue from Georgia (O.C.G.A. § 9-10-91(3)): Defendant derives no revenue from Georgia and does not regularly solicit business there.

12. Constitutionally, Defendant lacks minimum contacts with Georgia. Mere operation of a passive or interactive website accessible in Georgia does not confer specific jurisdiction absent Georgia-targeted conduct or actual Georgia sales.

13. The claims do not "arise out of or relate to" any Georgia contacts because there are none. Exercise of jurisdiction would be unreasonable and offend fair play and substantial justice, given Defendant's complete lack of Georgia ties.

14. Mere operation of an interactive website accessible nationwide is usually insufficient without evidence of targeting or actual business in Georgia. *See Walden v. Fiore*, 571 U.S. 277 (2014).

15. In *LabMD, INC. v. TIVERSA, INC.*, No. 12-14504, Non-Argument Calendar (11th Cir. 2013), the court cited *Smith v. Air Ambulance Network*, 207 Ga. App.

75, 75 (Ga. Ct. App. 1993), and explained that the "mere placement of advertisements in Georgia would be insufficient to authorize the exercise of personal jurisdiction" under Georgia's long-arm statute.

## IV. CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court GRANT this Motion, DISMISS the Complaint against Defendant Hhoodie for lack of personal jurisdiction, and grant such other relief as the Court deems just and proper. Defendant requests oral argument if necessary.

Respectfully submitted,

Dated: January 9, 2026

*/s/ Abena K. Abayomi-Rogers*
Abena K. Abayomi-Rogers
Georgia Bar No. 315161
ICEE Law, LLC
1445 Woodmont Ln, NW
Suite 3362
Atlanta, GA 30318
Tel. (470) 574-0529
Email: CourtComms@ICEELaw.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with this Court's rules concerning typographical presentation in that it is set in 14-point Times New Roman font.

*/s/ Abena K. Abayomi-Rogers*
Abena K. Abayomi-Rogers

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Abena K. Abayomi-Rogers*
Abena K. Abayomi-Rogers
