IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TV TOKYO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KAIOLAND, et al.,<br><br>Defendants. | : | CIVIL ACTION NO.<br>1:25-cv-05625-LMM |

**ORDER**

This case comes before the Court on Defendant Kaioland's Motion to Dismiss for Failure to State a Claim [34]. After due consideration, the Court enters the following Order.

## I. BACKGROUND

This case concerns alleged trademark and copyright infringement. Dkt. No. [1]. Plaintiff TV Tokyo Corporation alleges that Defendant Kaioland sells, without authorization, products associated with Plaintiff's exclusive intellectual property. Id. Plaintiff asserts claims against Defendant for trademark infringement and counterfeiting; false designation of origin, passing off, and unfair competition; and copyright infringement. Id. ¶¶ 38–63. Plaintiff contends that Defendant has both offered for sale and sold infringing products to consumers in the United States, including Georgia. Id. ¶ 2. As a result, Plaintiff seeks injunctive relief, all

profits from Defendant's infringement, actual and statutory damages, reasonable attorneys' fees and costs, and other just and proper relief. Id. ¶ 64. Defendant now moves to dismiss Plaintiff's Complaint. Dkt. No. [34]. After setting forth the applicable legal standard, the Court will discuss the parties' arguments below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads factual content necessary for a court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv. Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir.

2006)). But this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint under various provisions of Federal Rule of Civil Procedure 12(b). Dkt. No. [34]. Defendant essentially raises two primary arguments, asserting (A) that Plaintiff cannot sue Kaioland because it is "nothing more than a commercial or website name" rather than an "actual, legally existing" party and (B) that Plaintiff has not established that Kaioland has the minimum contacts required here to support personal jurisdiction. Id. Plaintiff responds that (A) Defendant Kaioland can be sued and served because it is a real party and (B) Defendant has substantial and purposeful minimum contacts with the United States and Georgia to establish personal jurisdiction here. Dkt. No. [39]. The Court considers each argument in turn.

### A. Suing a Trade Name

First, Defendant argues that, by suing a party under its trade name, "Plaintiff has not identified a real legal person or entity capable of being sued." Dkt. No. [34] at 3. Plaintiff responds that, even if Kaioland is a fictious name, a real party can be properly sued under a fictitious name if "the plaintiff's description of the defendant adequately describes the defendant . . . ." Dkt. No. [39] at 5 (citing Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992)). The Court agrees with Plaintiff.

Whether Defendant Kaioland has the capacity to be sued in this Court is analyzed under Georgia law. See Fed. R. Civ. P. 17(b)(3); Dean, 951 F.2d at 1215. However, an "unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." Fed. R. Civ. P. 17(b)(3). Regardless, under Georgia law, "[a] petition brought in the trade-name of an individual may be amended by stating the real or true name of the person who purports to carry on the business to which the allegations of the petition relate." Hudgins Contracting Co. v. Redmond, 173 S.E. 135, 136 (Ga. 1934). And correction of a misnomer where the real defendant has been properly served is an amendable defect. Northgate Vill. Apartments v. Smith, 428 S.E.2d 381, 383–84 (Ga. Ct. App. 1993). Additionally, the Eleventh Circuit has explained that "[i]t is important to distinguish suing fictitious parties from real parties sued under a fictitious name" because "[t]here may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name." Dean, 951 F.2d at 1215 (11th Cir. 1992).

Here, the Court finds that Defendant is not a "fictitious party" but, as Plaintiff notes, a "seller operating under the online storefront name 'Kaioland'" which Plaintiff identified "by referencing the storefront name and storefront URL in Schedule A." Dkt. No. [39] at 6 (citing Dkt. No. [1] at 1–3, 65). And the suit specifically relates to the business conducted by Kaioland, which is Defendant's alleged infringement of Plaintiff's intellectual property. Id. Thus, such allegations

and identifications meet the requirements under both Georgia law and Eleventh Circuit precedent, and the Court finds that dismissal is not warranted on these grounds, particularly where it appears that Defendant has prevented Plaintiff from ascertaining its real name.

Additionally, Defendant similarly argues that service of process is defective because "Kaioland" is not "a juridical entity." Dkt. No. [34] at 6. However, as noted above, it appears that the real individual or entity alleged to have engaged in the infringing conduct was served, and the "existence of a mere misnomer" does not authorize one "to ignore the fact that he has been served with legal process." Sam's Wholesale Club v. Riley, 527 S.E.2d 293, 296 (Ga. Ct. App. 1999) (citation modified). Further, Plaintiff notes that once it "discovers the legal name of the individual or entity behind the storefront named Kaioland through appropriate discovery procedures, Plaintiff will promptly move to amend the complaint or to substitute the proper party defendant pursuant to Fed. R. Civ. P. 15(a)." Dkt. No. [39] at 15. Thus, the Court finds that dismissal is not appropriate on these grounds.

**B. Personal Jurisdiction**

Next, Defendant argues that Plaintiff failed to show that Defendant Kaioland has the minimum contacts required with the United States and Georgia to establish personal jurisdiction. Dkt. No. [34] at 5. Plaintiff responds that Defendant has substantial and purposeful minimum contacts with the United

States and Georgia because it sells and ships infringing products to consumers in these areas. Dkt. No. [39] at 10. The Court disagrees with Defendant.

"Where, as here, a defendant moves to dismiss a complaint for lack of personal jurisdiction, the court analyzes the claim under a three-step burden-shifting process." Diulus v. Am. Express Travel Related Servs. Co., 823 F. App'x 843, 848 (11th Cir. 2020). First, the "plaintiff bears the initial burden" of establishing a *prima facie* case of jurisdiction. Id. (citation modified). Second, the defendant can challenge jurisdiction by providing affidavit evidence, which shifts the burden back to the plaintiff to submit supporting evidence. Diulus, 823 F. App'x at 848. Finally, the Court will construe all reasonable inferences in favor of the plaintiff when the parties' supporting evidence conflict. Id.

Here, Plaintiff satisfies its initial burden, alleging that Defendants, including Kaioland, maintain interactive websites that advertise, sell, and ship allegedly infringing products to consumers in the United States, including Georgia residents. Dkt. No. [1] ¶¶ 2, 15 (citing Fed. R. Civ. P. 4(k)(2); O.C.G.A. § 9-10-91). Plaintiff also alleges that Defendants intentionally conceal their identities by operating under the Seller IDs. Id. ¶ 18. In response, Defendant argues that "Plaintiff alleges no U.S. offices, employees, . . . targeted marketing, or purposeful availment of the U.S. market by 'Defendant' Kaioland." Dkt. No. [34] at 5. However, this assertion is conclusory, and Defendant does not offer any affidavit evidence to challenge Plaintiff's *prima facie* showing of jurisdiction. Additionally, the Court notes that Plaintiff has supplied further evidence that

Defendant again has not challenged. See Dkt. No. [39] at 10–13. Thus, the Court finds that Defendant has not shown that dismissal is appropriate for lack of personal jurisdiction. See Diulus, 823 F. App'x at 845.

## IV. CONCLUSION

In accordance with the foregoing, Defendant's Motion to Dismiss for Failure to State a Claim [34] is **DENIED**.

**IT IS SO ORDERED** this 26th day of June, 2026.

**Leigh Martin May**
**Chief United States District Judge**